## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**                                        **Case No. 05-20079-JWL**

**MARLO J. MIMS,**

**Defendant.**
_____

### MEMORANDUM & ORDER

Defendant Marlo Mims was convicted by a jury on August 19, 2005, of one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  On November 14, 2005, the court sentenced Mr. Mims to 235 months imprisonment.  The matter presently before the court is Mr. Mims' Motion to Vacate, Set Aside, or Correct his Conviction or Sentence under 28 U.S.C. § 2255 (doc. # 43).  For the reasons discussed herein, Mr. Mims' Motion is denied as to all challenges, with one exception as to the underlying convictions on which the court relied as a basis for his enhanced sentence pursuant to § 924.  The court reserves its ruling on that challenge, as subsequently discussed in Part I.a.

### FACTUAL BACKGROUND

On February 2, 2005, Officer Gardner, a police officer with Kansas City, Kansas, was on duty when he observed a car going the opposite direction at a high rate of speed.  A few blocks later he caught up to the vehicle, intending to make a traffic stop.  He saw two individuals jump

1

out of the car where it had just stopped, and those two individuals ran east towards some nearby houses.  When the officer got close to the vehicle, the driver later identified as Mr. Mims lost control of the vehicle and ran into a pole.  Mr. Mims exited the passenger side of the vehicle and began to run northbound.  The officer ran after him, and Mr. Mims tripped over a fence.  As he got up, he turned to the officer and hit him on the left side of his face.  They exchanged punches, and then Mr. Mims grabbed the grip of Officer Gardner's firearm, which stuck out of his holster. Officer Gardner was trying to hold the snap down on the holster, but it eventually popped open. Mr. Mims was leaning back and stumbled backwards with the gun, away from Officer Gardner. Officer Gardner started to fall back and then was able to grab the barrel of the gun.  After struggling for the gun during the altercation, Mr. Mims eventually let go and ran southbound. After a chase around the nearby houses and a call for back up, Officer Gardner and another officer were able to apprehend Mr. Mims in the basement of a house.   Mr. Mims was subsequently charged and convicted of being a felon in possession of the firearm as a result of his possession of Officer Gardner's firearm.  He received an enhanced sentence under the Armed Career Criminal Act ("ACCA").

## STANDARD OF REVIEW

Chapter 28, United States Code, section 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. The court must hold an evidentiary hearing on a section 2255 motion "'[u]nless the motion and files and records of the case conclusively show that the

2

prisoner is entitled to no relief.'" *United States v. Galloway*, 56 F.3d 1239, 1240, n.1 (10th Cir.1995) (quoting § 2255). A court need not grant an evidentiary hearing where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also United States v. Sanchez*, 105 F.3d 670, 1997 WL 8842, *3 (10th Cir. 1997) (table opinion) ("[D]efendant's conclusory allegations . . . which contradict the record made at the plea hearing, were insufficient to require an evidentiary hearing.").

## DISCUSSION

I. Ineffective Assistance of Counsel

To obtain relief under section 2255 on the grounds of ineffective assistance of counsel, Mr. Mims must first establish that his lawyer's performance was deficient as compared to an objective standard of reasonable performance. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). "In applying this test, we give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir. 2002) (quoting *Strickland*, 466 U.S. at 690). Mr. Mims must also prove that there is a reasonable probability that his lawyer's errors prejudiced the outcome of the proceedings against him. *Strickland*, 466 U.S. at 688. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 693-94. The Court does not need to determine whether counsel's performance was deficient before determining whether a defendant has established prejudice under the second prong. *United*

*States v. Jones*, 852 F.2d 1275, 1277 (10th Cir. 1988). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *United States v. Taylor*, 832 F.2d 1187, 1194-95 (10th Cir. 1987) (quotations omitted). Conclusory allegations, without a factual basis, are insufficient to support claims of ineffective assistance of counsel. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

### a.  Counsel's failure to challenge the Armed Career Criminal enhancement

Mr.Mims makes three separate arguments in his Motion that are all related to his counsel's failure to object to his enhanced sentence under 18 U.S.C. § 924(e).  He argues that his counsel should have challenged the ACCA enhancement, that counsel did not have his consent to admit his prior convictions, and that counsel should have objected pursuant to *Shepard v. United States*, 544 U.S. 13 (2005), to whether his underlying burglary convictions qualified as predicate offenses under section 924(e), the ACCA.  Other than the *Shepard* challenge, Mr. Mims provides no facts or reasons that show why counsel should have objected to the ACCA enhancement or that he erred in admitting Mr. Mims' criminal history.[1]  Mr. Mims makes only conclusory statements that his counsel should have taken these actions.  Counsel is not required to object on a frivolous basis and conclusory statements are insufficient to support a claim of ineffective assistance of counsel, so these first two arguments standing alone are without merit.

---
[1]

Mr. Mims cites "*Arkansas v. Hutto*" to support that his counsel should not have admitted his criminal history but that case, actually titled *Cox v. Hutto*, focused largely on the requirement under state law that the defendant has a right to a jury determination of whether he or she is a "habitual offender."  *See Cox v. Hutto*, 619 F.2d 731 (8th Cir. 1980).  This is distinguishable from the ACCA enhancement in which no right to a jury determination exists.  Mr. Mims does not argue the existence or validity of his prior convictions, other than the *Shepard* challenge discussed in a different section of his Motion and analyzed herein, so he is unable to prove prejudice on any other basis.  Contrary to Mr. Mims' assertion that " a lawyer will always file a sentencing memorandum on the behalf of his client no matter what the case may be," (doc.  44, at 21), his lawyer is not required to file or assert frivolous motions, objections, or the like.

*United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994); *see also United States v. Arena*, 180 F.3d 380 (2d Cir. 1999) ("Failure to make a meritless argument does not amount to ineffective assistance."); *Clark v. Collins*, 19 F.3d 959, 964 (5th Cir.1994) (same).  The third argument based on *Shepard*, however, is more specific, not conclusory, and may provide a basis upon which his counsel should have objected to the enhancement.  Thus, the court analyzes the *Shepard* argument as the only potentially meritorious basis for any of Mr. Mims' three arguments against his sentence enhancement.

In *Shepard v. United States*, 544 U.S. 13 (2005), the Court explained that "[t]he [Armed Criminal Career] Act makes burglary a violent felony only if committed in a building or enclosed space ('generic burglary'), not in a boat or motor vehicle." *Id.* at 15-16.  Some states, including Kansas and Missouri, have burglary statutes that punish more than "generic burglary," so not all burglary convictions in those states qualify as predicate convictions under the ACCA.  The Supreme Court held that "enquiry under the [Armed Career Criminal Act] to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." 544 U.S. at 26 (limiting, based on *Apprendi*, sentencing court's fact finding of details of prior burglary conviction).

At trial Mr. Mims signed a stipulation that he had prior felonies in Wyandotte County for the purpose of the jury determination of whether he was a "felon" in possession of a firearm under 18 U.S.C. § 922(g).  (Trial Tr. at 92, 97-99).  At sentencing the predicate convictions were

5

listed in the PSR, and neither Mr. Mims nor his lawyer lodged any objections to the PSR or the enhancement, and the court adopted the PSR.   Mr. Mims' counsel discussed the charging documents at the sentencing hearing:

> Mr. Mims has three qualifying offenses which bring him within the purview of 924(e). . . . I provided Mr. Mims - - I provided Marlo with copies of the judgments and commitment orders of convictions in Wyandotte County.  The first one was a residential burglary that he was certified as an adult on at the time when he was 17 years old, which is a qualifying conviction because it was a residence and met the . . . generic definition of common law burglary.  The same is true in the conviction - - I believe it was in Platte County, Kansas [*sic*], which involved a burglary of a structure that occurred, I believe, in 2001.  And then the third qualifying offense for Mr. Mims was an aggravated battery case involving his uncle.

(Sentencing Tr. at 4-5).  The three qualifying offenses were listed and described in the PSR, and when the court asked Mr. Mims if he reviewed the PSR with his lawyer, he said that he did. (Sentencing Tr. at 3).  Mr. Mims was also given a chance to speak to the court at a later point during the sentencing hearing, but he declined to do so. (Sentencing Tr. at 9).  No judicial documents showing any of Mr. Mims' convictions were admitted into evidence, and they are not in the record presently before the court.

Mr. Mims alleges that his counsel should have objected to the court adopting the PSR to prove his prior convictions pursuant to *Shepard* because it was questionable whether one of the burglaries was a qualifying offense. (doc. # 44, at 23).  Construing his Motion liberally, Mr. Mims' argument is that counsel should have objected, making a "disputed fact," so that the court would have had to look directly at the judicial documents permissible under *Shepard* to see if those burglaries were "generic burglaries" and therefore qualifying offenses.  *See Shepard*, 544 U.S. at 25 ("[T]he Sixth and Fourteenth Amendments . . . guarantee a jury's finding of any *disputed fact* essential to increase the ceiling of a potential sentence." (Emphasis added.)).  The

6

issue, then, turns on whether counsel acted unreasonably when he did not object and ultimately, whether the court would have concluded that the burglaries were qualifying offenses if it directly evaluated the criteria based on those judicial documents.

The court was convinced at the time of sentencing that these convictions were qualifying burglary convictions under the ACCA based both on the unchallenged PSR language and Mr. Mims' counsel's discussion of the charging documents at the sentencing hearing.  The PSR referenced the "complaint," which is a charging document, for the Platte County burglary, referenced "court information" to describe the Wyandotte County burglary,[2] and Mr. Mims' counsel discussed the charging documents and commitment orders as to the Wyandotte County burglary.  Given these references, it is unlikely that an independent review of those documents by the court will show that Mr. Mims' sentencing would have been different if his counsel would have objected.  In an abundance of caution, however, the court finds that the appropriate next step, before determining whether an evidentiary hearing should be granted on this claim, is

_____

[2]        Specifically, as to the burglary conviction in Wyandotte County, the PSR stated that "[a]ccording to court information" the burglary took place in a residence. (PSR ¶ 37). The court recognizes that "court information" is vague and does not *necessarily* qualify as an appropriate basis on which the court can rely under *Shepard*.  In *United States v. Perez-Vargas*, 414 F.3d 1282 (10th Cir. 2005), the Tenth Circuit reversed the defendant's sentence and remanded for re-sentencing in light of *Shepard*: "the record before us does not contain any charging documents describing the underlying assault, nor any admission by [the defendant]. Consequently, the PSR is the only source of information about the crime. In it, the government claims, according to 'court documents,' that the defendant was arrested . . . for shooting and injuring five victims . . . [W]e do not have in the record on appeal the 'court documents' relied on by the PSR. We thus cannot evaluate whether the records would be acceptable under the strictures of Supreme Court precedent."  The Tenth Circuit has also explained that they "have remanded where the district court's reliance on the PSR made it unclear whether it complied with *Shepard*." *United States v. Harris*, 447 F.3d 1300, 1306 (10th Cir. 2006) (citing *United States v. Taylor*, 413 F.3d 1146, 1156-58 (10th Cir. 2005) (PSR relied upon police reports and 'court documents')).

7

ordering the government to submit additional documents.[3]  The court gives the government until April 14, 2008, to supplement the record by submitting judicial documents permissible under *Shepard* to show whether the generic burglary elements were present in Mr. Mims' prior state burglary convictions, and that they, therefore, qualified as offenses to enhance his sentence under the ACCA.  *See generally*, *e.g.*, *Tilson v. United States*, 2007 WL 2903914 (E.D. Tenn. 2007) ("[P]etitioner assert[s] that, by failing to question the use of his prior convictions to sentence him as an armed career criminal, his attorney gave him ineffective assistance. To defeat this claim, the respondent has submitted copies of the three state criminal judgments entered against the petitioner to show that those prior convictions qualified as predicate offenses for his ACCA-enhanced sentence. (Doc. 5, Attach 1-3).").  Upon submission of such documents or upon expiration of the time allowed, the court will evaluate whether Mr. Mims is able to show his counsel acted unreasonably and whether there was any resulting prejudice, or in other words,

---

[3]        This is consistent with the Rules Governing Section 2255 Cases in the United States District Courts.

Rule 7. Expanding the Record.

> (a) In General. If the motion is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the motion. The judge may require that these materials be authenticated.
>
> (b) Types of Materials. The materials that may be required include letters predating the filing of the motion, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits also may be submitted and considered as part of the record.
>
> (c) Review by the Opposing Party. The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.

Rule 8. Evidentiary Hearing.

> (a) Determining Whether to Hold a Hearing. If the motion is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

whether there was a reasonable probability of a successful defense to the ACCA enhancement; in the alternative, the court will evaluate whether an evidentiary hearing is necessary to make this determination. *See generally Marshall v. United States*, 18 Fed. Appx. 15, 2001 WL 1085006 (1st Cir. Sept. 10, 2001) (petitioner "complain[ed] that his attorney rendered ineffective assistance at sentencing in failing to challenge the listed predicates [for a section 924(e) enhancement]. This claim fails inasmuch as three valid predicates *existed at that time and continue to exist today*" (emphasis added)).

### b. **Failure to file a motion to suppress or motion to dismiss**

Mr. Mims alleges that his Sixth Amendment right to effective counsel was violated by his counsel's failure to make several arguments through a motion to suppress or motion to dismiss. He maintains that counsel should have filed a motion to suppress or motion to dismiss because his arrest went beyond the scope of what is authorized in a Terry Stop, the chain of custody of the firearm violated the Constitution, and he was charged with the wrong offense.

### 1. **Stop, arrest, and seizure**

As to the alleged unlawfulness of the search and seizure, Mr. Mims' supporting facts are contrary to the evidence in the record. Mr. Mims claims the police never mentioned that he committed a traffic offense to instigate the stop and that the stop, arrest, and seizure of evidence were illegal because they were only done to harass the occupants of the vehicle.[4]  Mr. Mims provides no supporting facts for the alleged harassing intent. Instead, Officer Gardner testified

---

[4]  Mr. Mims referenced the alleged illegal search and seizure under the ineffective assistance of counsel claim but did not, in that section, provide facts on which he based his claim. Towards the end of his Motion, however, he set forth these facts under an independent basis for relief based on a violation of his Fourth Amendment rights. The court incorporates them here in its full discussion of the alleged violation of rights, and it adopts the same conclusion on the independent claim (not related to ineffective assistance) as discussed in Part VII.

at trial that he attempted to pull the car over after he observed that is was going well over the posted speed limit, contradicting Mr. Mims' claim that the stop was an attempt to harass.  (Trial Tr. at 14-15).  After the car crashed at a high rate of speed, Mr. Mims attempted to flee on foot before tripping over a fence and falling. (Trial Tr. at 24-25).  He then proceeded to fight with the officer.  (Trial Tr. at 25).

Mr. Mims' recitation of the facts is contradicted by the record, and the facts as found in the record show Mr. Mims' claim has no merit.  The officer need only have reasonable suspicion that a traffic violation has occurred to conduct a traffic stop.  *United States v. Ozbirn*, 189 F.3d 1194, 1197 (10th Cir. 1999).  Because the testimony at trial shows that the stop and arrest was a result of speeding, an attempt to flee the accident scene, and fighting with the officer, the officer had reasonable suspicion and probable cause for the stop and arrest.  Accordingly, Mr. Mims cannot prove that his counsel's actions were unreasonable or that his case was prejudiced. Moreover, counsel explained in open court the reasons why a motion to suppress was not filed, and the court finds "this explanation a reasonable tactical decision and therefore conclude[s] that no error occurred."  *United States v. Chavez-Marquez*, 66 F.3d 259, 263 (10th Cir. 1995); (Trial Tr. at 82).

### 2.  **Chain of custody of firearm**

Mr. Mims further alleges that counsel should have filed a motion to suppress the evidence based upon the alleged bad chain of custody of the firearm.  Mr. Mims seems to focus on the fact that the officer was allowed to keep his weapon instead of leaving it untouched since the incident.  The record shows, however, that only the pictures of the weapon were admitted into evidence.  *See generally United States v. Sullivan*, 919 F.2d 1403, 1421 (10th Cir. 1990)

10

(government's use of pictures of weapons, rather than "parad[ing] the weapons before the jury," found in defendants' residences was proper).  The officer testified that the admitted photographs were accurate depictions of the firearm assigned to him with the same serial number, that it had not been altered, that this "evidence," i.e. the gun, was not collected because it was his service weapon he needed to use, and that the weapon had been in his sole possession since the time of the incident.  (Trial Tr. at 51-52).  *See generally United States v. Lauder*, 409 F.3d 1254, 1265, n.6 (10th Cir. 2005) (explaining that "authentication of pictures or images most often is established through eyewitness testimony that the picture accurately depicts the scene . . .").  The court, therefore, finds that counsel's actions were not unreasonable when he did not object or file a motion based on the chain of custody.  This claim also is without merit because "deficiencies in the chain of custody go to the weight of the evidence, not its admissibility."  *United States v. Gorman*, 312 F.3d 1159, 1163 (10th Cir. 2002).

### 3.  **"Probable cause" to charge Mr. Mims under 18 U.S.C. § 922(g)**

In discussing counsel's failure to file a motion to suppress or motion to dismiss, Mr. Mims argues that that the prosecutor did not have "probable cause" to charge him with a violation of 18 U.S.C. § 922(g).  Essentially, in other words, he argues that because the evidence was better suited to a state law crime, "attempt to disarm a law enforcement officer," he should not have been charged under federal law.[5]  First, he does not cite a corresponding state statute

---

[5]    To the extent Mr. Mims argues that his counsel should have brought an insufficient evidence challenge, the court finds that argument is without merit.  "In order to prove a § 922(g)(1) violation, the government must establish the following elements beyond a reasonable doubt: (1) that the defendant was previously convicted of a felony; (2) that the defendant thereafter knowingly possessed a firearm; and (3) that the possession was in or affecting interstate commerce."  *United States v. Turner*, 3 Fed. Appx. 840, 842, 2001 WL 95136, *2 (10th Cir. 2001).  The government provided sufficient evidence of these elements at trial so counsel was not ineffective for failing to raise this issue.

and the court finds none.  This argument also is without merit because it has been "long recognized that when an act violates more than one criminal statute, the Government may prosecute[] under either so long as it does not discriminate against any class of defendants. Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion." *United States v. Batchelder*, 442 U.S. 114, 123-24 (1979); *United States v. Thomas*, 884 F.2d 540, 544 (10th Cir. 1989).  Mr. Mims has provided no facts, that if proven true, would show discrimination, and the choice to prosecute him under section 922(g) was within the prosecutor's discretion.  Moreover, just because his acts may have been criminal under state law, that does not preclude them from simultaneously constituting a violation of some federal law.

> c.  **Defective Indictment**

Mr. Mims next argues that his counsel should have objected on the basis of a duplicitous indictment.  (doc. #1) He claims that 18 U.S.C. § 924(e) was included in the same count as another offense charged, section 922(g)(1).  Mr. Mims is legally mistaken because section 924(e) is not a substantive offense but only a sentencing enhancement, so there were not two offenses included in the same count.  *United States v. Phelps*, 17 F.3d 1334 (10th Cir. 1994). Section "924(e) is merely a penalty enhancement statute and does not create a new substantive federal crime." *Id.*  The reference to section 924(e) in the indictment gave defendant notice that he was subject to that enhancement, which is contrary to his assertion that the indictment was misleading and did not give notice.

> d.  **Failure to challenge lack of prior convictions in the indictment**

Mr. Mims argues that his counsel was ineffective when he failed to challenge that the indictment did not include his prior convictions that were relied upon to charge him under

section 922(g)(1) as a previously convicted felon and enhance his sentence under the Armed Career Criminal Act.  As to the first argument, "a defendant may be found guilty only of an offense whose elements have been listed in the indictment." *United States v. Baldwin*, 186 F.3d 99, 101 (2d Cir. 1999) (indictment included the following language: "two violent felonies and one serious drug offense") (citing *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)). The relevant element here is that the defendant must have "been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year."  18 U.S.C. § 922(g).  The government included in its indictment, "a person who has been convicted of a crime punishable under the laws of the state of Kansas by imprisonment for a term exceeding one year. . .".  (doc. # 1).   Thus, the government included the element in the indictment as required and the indictment was not defective.  *See United States v. Carter*, 173 F.2d 684, 685 (10th Cir. 1949) ("Where a statute creating an offense sets forth fully, directly, and expressly all of the essential elements necessary to constitute the crime intended to be punished, it is sufficient if the indictment charges the offense in the words of the statute."); Wright & Miller, 1 Federal Practice and Procedure Crim. 3d § 125 ("[T]he guiding principle in assessing indictments is whether the allegations give defendant sufficient notice of the accusations that it is fair to require him to defend against the charges as they are stated.").

    The latter argument also is without merit.   Prior convictions used to enhance a defendant's sentence under the Armed Career Criminal Act do not need to be charged in the indictment nor proven to a jury beyond a reasonable doubt. *United States v. Moore*, 401 F.3d 1220 (10th Cir. 2005).

    e.  **Failure to object to prosecutorial misconduct**

Mr. Mims' counsel was not ineffective for failing to object to prosecutorial misconduct because there was no prosecutorial misconduct.  Mr. Mims argues that the prosecutor testified as an unsworn witness by assisting the witness in a physical demonstration.  The prosecutor asked for the court's permission for Officer Gardner to step down from the witness stand to demonstrate the altercation between the officer and Mr. Mims.  The record shows that she asked Officer Gardner questions and simply followed his directions for the physical movements during the demonstration.  (Trial Tr. at 30-40).  There was no misconduct, as the prosecutor did not mislead the jury or commit any other act that violated a legal norm or standard.  *See generally Neill v. Gibson*, 278 F.3d 1044 (10th Cir. 2001) (citing *Washington v. Hofbauer*, 228 F.3d 689, 699 (6th Cir. 2000) for the proposition that "before assessing whether defense counsel was ineffective for failing to object to prosecutorial misconduct, habeas court must first determine whether prosecutor in fact committed misconduct"); *United States v. Golston*, 52 M.J. 61 (U.S. Ct. App. Arm. For. 2000) ("Prosecutorial misconduct can be generally defined as action or inaction by a prosecutor in violation of some legal norm or standard, e.g., a constitutional provision, a statute, a Manual rule, or an applicable professional ethics canon." (citing *Berger v. United States*, 295 U.S. 78, 88 (1935)).  Furthermore, the jury was instructed in Instruction Number 21 that the attorney's statements are not evidence.    "[C]ounsel's statements and arguments are not evidence unless they are admissions or stipulations. . . The evidence in this case consists of the witness's sworn testimony, all exhibits received in evidence, and all facts admitted or stipulated."  (doc. # 24, at 23).  It is presumed that the jury followed this instruction, and Mr. Mims has not pointed to any facts showing otherwise.  *See United States v. Cherry*, 433

F.3d 698, 702 (10th Cir. 2005) ("[W]e presume jurors will remain true to their oath and conscientiously follow the trial court's instructions.").

     f.  **Failure to object to jury instruction**

Mr. Mims argues that counsel should have objected to the following sentence in the jury instruction: "If you find beyond a reasonable doubt that Mr. Mims held the firearm even for a mere second or two, then you may find that the firearm was in his possession . . ." (doc. # 24) [6] He clarifies in his Traverse that "he does not agree that holding a police officer's weapon for a split second while the officer still has his hand on it . . . is possession." (doc. # 56).

First, his counsel did object, so the facts as alleged by Mr. Mims' are contradicted by the record. (Trial Tr., at 93-94). Moreover, the court rejects Mr. Mims' argument here, just as it did in overruling his counsel's objection at trial. "Whether a jury has been properly instructed is to be determined not upon consideration of a single paragraph, sentence, phrase or word, but upon the charge as a whole." *United States v. Cheek*, 3 F.3d 1057, 1060 (7th Cir. 1993); *Moffitt v. United States*, 154 F.2d 402, 405 (10th Cir. 1946). This court rejects Mr. Mims' assertion that "held" misled the jury when reading the instruction in its entirety. Also, the cases cited in overruling Mr. Mims' counsel's objection at trial apply here as well. The cases relied upon by

---

[6] The instruction was as follows:

> A person has actual possession of something if he or she knowingly has direct physical control over it at a given time. If you find beyond a reasonable doubt that Mr. Mims held the firearm even for a mere second or two, then you may find that the firearm was in his possession within the meaning of the word "possess" as used in these instructions, unless you are not persuaded beyond a reasonable doubt that Mr. Mims knew what he possessed was a firearm.

(doc. # 24).

this court in overruling the objection used "held," just as the instruction. *See, e.g.*, *United States v. Adkins*, 196 F.3d 1112, 1114 (10th Cir. 1999) ("[E]ven if a felon *held* a firearm *for a mere second or two*, unless that felon truly did not know that what he possessed was a firearm or there was some recognized legal justification for his holding the firearm, § 922(g) will still impose criminal liability." (Emphasis added.)).[7]

    g.  **Failing to properly investigate the facts and interview witnesses**

Mr. Mims alleges that his counsel failed to properly investigate the facts and interview witnesses. He does not state what those facts would have been, who the witnesses would have been, or what the witnesses would have testified about. This is a conclusory and unsupported statement, and he cannot, therefore, show prejudice. *United States v. Manriquez-Rodriguez*, No. 98-2203, 1999 WL 345505, *5 (10th Cir. June 1, 1999) ("To satisfy the prejudice prong of the *Strickland* test for ineffective assistance of counsel, a defendant must specifically show what beneficial evidence an 'adequate' investigation would have produced. Simply speculating that investigation might have resulted in something useful will not suffice."). Mr. Mims also conceded this point in his Traverse. (doc. # 56, at 4).

    h.  **Failure to file a motion for judgment of acquittal or new trial and cumulative error basis**

Mr. Mims argues that on the basis of all of the previously discussed errors, his counsel should have filed a motion for judgment of acquittal or new trial. He also asserts that these numerous errors entitle him to a presumption of prejudice. Counsel does not have to file frivolous motions with no meritorious basis. The court finds no merit in any of the ineffective

---

[7]    This is consistent with the Tenth Circuit's holding in Mims' direct appeal, in which the court upheld the instruction under the plain error standard. *United States v. Mims*, 191 Fed. Appx. 794, 2006 WL 2361640 (10th Cir. Aug. 16, 2006).

16

assistance challenges, with the potential exception of the *Shepard* challenge about which the court has reserved its ruling for a later date.  The court, therefore, concludes that there is no basis on which his counsel should have filed a post-trial motion, and there are no errors that can be considered cumulative.

II.  Ineffective Assistance of Appellate Counsel

Mr. Mims claims that his appellate counsel was ineffective.  "When a defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995).  The court reviews the issues that Mr. Mims claims his counsel should have raised on direct appeal, in a motion for rehearing en banc, or in a petition for writ of certiorari to the Supreme Court.  As discussed in the previous and subsequent sections, the court determines that no issue raised by Mr. Mims has merit, other than the potential *Shepard* issue at sentencing. His appellate counsel was not ineffective.

III.  Jurisdiction based on interstate commerce element

Mr. Mims argues that there was a lack of jurisdiction because there was no interstate commerce connection with the firearm.  At trial, however, Mr. Mims through his counsel stipulated that the firearm was manufactured in Austria and would have traveled in interstate commerce in order to be located in the state of Kansas, as determined by Special Agent Stukey. (Trial Transcript, at 98).  The stipulation that the firearm "traveled at some time in interstate

17

commerce," was sufficient to satisfy the required nexus between possession and commerce. *Scarborough v. United States*, 431 U.S. 563 (1977).[8]

IV. <u>Denial of Right to Fair Trial Based on Officer's Perjured Testimony</u>

Mr. Mims alleges that Officer Gardner lied during his testimony about Mr. Mims' possession of the officer's firearm, thereby denying his right to a fair trial.  This assertion is contradicted by the record.  Mr. Mims supports his allegation by comparing Officer Gardner's testimony at a preliminary hearing with his testimony at trial.  At the preliminary hearing, Officer Gardner testified that Mr. Mims had his hands on the gun, that Mr. Mims was in control of it, that the gun rocked out of his holster when the snap came undone, and that when it rocked out the officer grabbed Mr. Mims hands and then eventually the barrel of the gun.  He was never questioned about who exactly had possession of the gun when Mr. Mims first pulled it out of the holster. (doc. # 44-2, at Appendix. p. 10-12).  At the federal trial, Mr. Mims' counsel questioned the officer on cross examination about this testimony at the preliminary hearing.  On redirect, Officer Gardner explained and clarified that the reason he never testified about who had possession of the gun was because he was never asked at that hearing whether Mr. Mims had sole possession of the firearm.  (Trial Tr. at 71-77).  Mr. Mims' claims that the testimony was false and that Officer Gardner committed perjury is contradicted by the record.  Relief and an evidentiary hearing on this basis are unwarranted.

---

[8]

To the extent Mr. Mims argues this as an ineffective assistance of counsel claim, the court denies that as well.  *See United States v. McMahon*, 2005 WL 115506, *9 (10th Cir. Jan. 20, 2005) (in context of ineffective assistance of counsel claim, where counsel stipulated to interstate commerce element, the court determined it was a tactical decision and standard practice, so it was not objectively unreasonable).

V.  <u>Other claims as already addressed in the context of ineffective assistance of counsel</u>

Mr. Mims claims a number of other separate grounds for relief.  He bases these claims upon various alleged constitutional violations, which are essentially reiterations of the underlying arguments made within his ineffective assistance of counsel claims. These include a claim of an illegal search and seizure based on alleged lack of probable cause for stop and arrest, an illegal charge against him by the prosecutor, a violation of his Fifth and Sixth Amendment rights based on the government's alleged improper chain of custody of the firearm, and prosecutorial misconduct impaired his right to fair trial.  The court adopts its previous analyses and conclusions under the ineffective assistance of counsel analysis in Part I to conclude these challenges have no merit, even under a claim independent of the ineffective assistance argument. Also, in his Traverse, Mr. Mims also conceded his allegation in "Ground Eight," that he was not found to be an Armed Career Criminal beyond a reasonable doubt. (doc. # 44 at 35, doc. # 56 at 8).  Mr. Mims, therefore, is not entitled to relief or an evidentiary hearing on these claims.

Ground Nine is similar to the *Shepard* challenge previously discussed in the context of ineffective assistance of counsel, and the court reserves its ruling on that issue, consistent with the discussion in Part I.a.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Mims' Motion (doc. # 43) is DENIED as to all challenges, with the EXCEPTION of the *Shepard* challenge discussed in Part I.a. The court RESERVES its ruling as to that *Shepard* argument and gives the government until April 14, 2008, to submit evidence necessary to show that the Wyandotte County and Platte County burglary convictions are qualifying predicate offenses for the ACCA enhancement.

19

Thereafter, the Court will determine whether an evidentiary hearing is necessary and/or whether the claim warrants relief.

**IT IS SO ORDERED.**

Dated this 14th day of March, 2008.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge