## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

       **v.**                            **Case No. 05-20079-JWL**

**MARLO J. MIMS,**

       **Defendant.**
_____

### MEMORANDUM & ORDER

In the Memorandum and Order of March 14, 2008 (doc. # 57), this Court denied Mr. Mims's Motion to Vacate under 28 U.S.C. § 2255 on all grounds except one, on which the Court reserved its ruling.  For the reasons discussed therein, this Court ordered the Government to provide documents on which the Court could rely pursuant to *Shepard v. United States*, 544 U.S. 13 (2005).  The Government provided the charging, judgment, and sentencing documents for Mr. Mims' prior burglary convictions in Wyandotte County and Platte County, which were referenced in paragraphs 36 and 44 of the Presentence Investigation Report and used as a basis, in part, for the Armed Criminal Career Act ("ACCA") enhancement at Mr. Mims' sentencing.

After review of those documents, the Court finds that Mr. Mims' arguments based on *Shepard* are without merit because pursuant to the terms of the judicial documents both burglaries were of residences and, therefore, qualifying offenses.  The Journal Entry

from Wyandotte County indicates that on September 26, 1989, Mr. Mims entered a plea of guilty to Counts I and II as set forth in the Information that was filed on July 17, 1989. (doc. #58-2, at 4-5, ¶ 1, 3, 4).  Count I of the Information, the charging document used in that case, alleged Mr. Mims committed burglary when he "enter[ed] into a building, to-wit: a residence at 2914 North 38th Street, Kansas City, Kansas, with intent to commit a theft therein." (doc. # 58-2, at 2).   Similarly, in the "Information for a Felony or Misdemeanor" from Platte County, dated February 24, 1993, Mr. Mims was charged with a felony of burglary in the second degree based upon his knowing and unlawful entrance of "a building, located at 4615 Northwest Gateway Drive, and possessed by John Dickerson, for the purpose of committing stealing therein."  (doc. # 58-2, at 9).  The Missouri Form for Sentence and Judgment and Commitment, dated June 1, 1993, indicates that Mr. Mims plead guilty to this felony burglary.  It is apparent from the terms of the charging, judgment, and sentencing documents from the respective courts that Mr. Mims was convicted of two burglaries, both of residences, and that those felonies were used properly, along with a third conviction referenced in paragraph 52 of the Presentence Investigation Report, to enhance his sentence pursuant to the ACCA and *Shepard v. United States*, 544 U.S. 13 (2005).   Accordingly, Mr. Mims has failed to show that his counsel acted unreasonably, that he was prejudiced by counsel's decision not to object to the application of the ACCA, or that his Sixth Amendment rights were violated "due to the court looking beyond the record of conviction itself at statements of facts from his prior convictions . . . to use as predicate offenses for [ACCA] purposes." (doc. # 44, at 35).

2

**IT IS HEREBY ORDERED** that Mr. Mims is not entitled to an evidentiary hearing and his Motion to Vacate under 28 U.S.C. § 2255 (doc. # 43) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 5th day of May, 2008.

s/ John W. Lungstrum

_____
John W. Lungstrum
United States District Judge