# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                                         Case No. 05-20079-01-JWL
                                                                         16-2332-JWL

**Marlo J. Mims,**

      **Defendant.**

## MEMORANDUM & ORDER

In August 2005, a jury convicted defendant Marlo J. Mims of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Presentence Investigation Report (PSR) determined that Mr. Mims was eligible for sentencing under the Armed Career Criminal Act (ACCA), which authorizes an enhanced penalty for a person who violates § 922(g) and has three previous convictions for crimes that meet the definition of a "violent felony." *See* 18 U.S.C. § 924(e). In light of the ACCA enhancement, the PSR calculated an applicable guideline range of 235 to 293 months imprisonment and required a mandatory minimum sentence of 15 years. In the absence of the ACCA enhancement, Mr. Mims would have faced a maximum penalty of 10 years imprisonment. Mr. Mims did not object to these calculations, or to the ACCA enhancement, and the court sentenced Mr. Mims to 235 months imprisonment.

This matter is now before the court on Mr. Mims' motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.[1] In support of his motion, Mr. Mims contends that,

---

[1] Although Mr. Mims previously filed a § 2255 motion which was denied by the court, the Tenth Circuit authorized the filing of this second petition.

in light of *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), one of his underlying felony convictions (a 2001 Kansas state conviction for aggravated battery) no longer qualifies as a violent felony for purposes of the ACCA such that the enhancement no longer applies.  Mr. Mims asks the court to vacate his sentence and resentence him by written order to the statutory maximum of 120 months and, because Mr. Mims has already served more than 120 months, to time served.

In response, the government concedes that, to the extent the court reaches the merits of Mr. Mims' petition, he is entitled to relief (and to immediate release) because, regardless of whether the aggravated battery conviction qualifies as a violent felony, Mr. Mims' conviction under the Kansas burglary statute undisputedly no longer qualifies as a violent felony under the ACCA in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016).[2]  But the government contends that the court should not reach the merits of Mr. Mims' argument because he cannot demonstrate in the first instance that the court, at the time of Mr. Mims' sentencing, qualified any of Mr. Mims' underlying convictions under the ACCA's residual clause, which is the only clause of the ACCA to which *Johnson* applies.  Stated another way, the government contends that Mr. Mims is entitled to relief only if he can prove that the court actually relied on the residual clause in sentencing Mr. Mims.

The government is correct that the court did not expressly indicate at sentencing whether it was qualifying Mr. Mims' prior convictions under the residual clause of the ACCA.  At sentencing, Mr. Mims did not object to the PSR's calculations and acknowledged that he was

---

[2] The court shares defense counsel's appreciation for the government's candid concession of an issue not raised by Mr. Mims in his petition.

eligible for an enhancement under the ACCA.  Any elaboration with respect to the underlying offenses, then, was unnecessary (and certainly the government sought no clarification on that issue at the time of sentencing) because Mr. Mims' convictions at a minimum qualified under the residual clause.  It is highly likely, of course, that the court and the government intended the convictions to qualify under the residual clause, because qualifying the Kansas burglary conviction under the enumerated offenses clause would have required additional evidence under the modified categorical approach to establish that the crimes constituted generic burglary.  The government did not seek to admit additional evidence on this point.

Nonetheless, the government suggests that the court necessarily relied on the enumerated clause in qualifying the burglary conviction as a violent felony for purposes of the enhancement.  In support of that argument, the government highlights that the court, in resolving Mr. Mims' initial § 2255 motion, undertook a *Shepard* inquiry, presumably to determine if the burglary conviction qualified as a generic burglary under the ACCA's enumerated clause.  According to the government, that inquiry was irrelevant if the court, in fact, had qualified the conviction under the residual clause.  By way of background, the court undertook a *Shepard* analysis because Mr. Mims' counsel, in connection with the § 2255 proceeding, advanced a claim that Mr. Mims' counsel at sentencing was ineffective for failing to object to the ACCA enhancement and, more specifically, for failing to object pursuant to *Shepard*.  But the fact that the court—more than two years after Mr. Mims' sentencing—conducted a *Shepard* analysis in a collateral proceeding and confirmed after that analysis that Mr. Mims' burglary conviction was a qualifying offense under the ACCA does not mandate the conclusion that the court relied on the enumerated clause at sentencing.  The government directs the court to no authority suggesting

3

otherwise. Thus, at best, it is unclear from the record which clause of the ACCA the court employed in concluding that Mr. Mims' burglary conviction qualified as a predicate offense.

The government nonetheless contends that it is not enough that the record is unclear and that Mr. Mims must show that the court in fact relied on the residual clause for purposes of the enhancement. In support of that argument, the government relies on the 11th Circuit's decision in *In re Moore*, 830 F.3d 1268 (11th Cir. 2016). In that case, the Eleventh Circuit stated in dicta that a § 2255 petitioner was not entitled to relief under *Johnson* unless the petitioner proved that he was sentenced using the residual clause and that the court had to deny relief if the court could not determine whether the residual clause was used in sentencing. But as the government acknowledges, the *Moore* decision has been called into doubt by a more recent Eleventh Circuit decision, *In re Chance*, 831 F.3d 1335 (11th Cir. 2016). In that case, the Eleventh Circuit expressly rejected the *Moore* panel's "commentary" and stated in dicta that a petitioner seeking relief under *Johnson* need only show that the ACCA no longer authorizes his sentence as the ACCA stands after *Johnson* regardless of what the sentencing judge "said or thought at a decades-old sentencing." *Id*. at 1341.

The Tenth Circuit has not squarely addressed whether a petitioner is entitled to relief under *Johnson* if the sentencing court did not expressly rely on the residual clause at sentencing but where one or more of the underlying convictions, if examined post-*Johnson* and post-*Mathis*, could only qualify as a violent felony under the residual clause. But two Circuit decisions shed some light on how the Circuit would likely resolve that question. In *United States v. Little*, 829 F.3d 1177 (10th Cir. 2016), the Tenth Circuit remanded a case for resentencing under *Johnson* (as applied to the Sentencing Guidelines) where the district court

4

seemed to qualify the underlying offenses as crimes of violence under both the "use of force" clause of the Guidelines as well as the residual clause. *Little*, then, seems to foreclose the government's argument and to support a resentencing in this case. The Circuit's decision in *United States v. Mitchell*, 653 Fed. Appx. 639 (10th Cir. June 29, 2016) is also instructive. In that case, the sentencing judge did not indicate which of the three generic clauses in § 4B1.2(a) it was applying to conclude that the petitioner's assault offense was a crime of violence. Reviewing the petitioner's sentence after *Johnson*, the Circuit stated, regardless of the district court judge's silence on the issue (and the district court's later suggestion that it did not rely on the residual clause in sentencing the defendant), the petitioner's sentence was "invalid" unless the assault offense qualified as a crime of violence under one of the two remaining clauses. *Id.* at 642. *Mitchell*, then, suggests that the Tenth Circuit, if faced with the issue, would conclude that a petitioner need not demonstrate that the sentencing judge in fact relied on the ACCA's residual clause in order to obtain relief under *Johnson*. Moreover, several district judges within the Circuit have rejected the approach advanced by the government. *See Broadbent v. United States*, 2016 WL 5922302, at *2-3 (D. Utah Oct. 11, 2016) (Waddoups, J.); *Culp v. United States*, 2016 WL 5400395, at *7 (D. Utah Sept. 27, 2016) (petition need not provide specific evidence showing that the court relied on the residual clause at the time of sentencing; petition must show only that enhancement can now only be applied through the residual clause) (Stewart, J.); *Andrews v. United States*, 2016 WL 4734593, at *5 (D. Utah Sept. 9, 2016) (Benson, J.). These decisions are also persuasive to the court.

      For the foregoing reasons, the court rejects the government's argument that Mr. Mims cannot obtain relief under *Johnson* unless he shows that the court actually relied on the residual

clause in applying the ACCA enhancement. Rather, the court concludes that Mr. Mims need only show that the court may have relied on the residual clause in applying the enhancement. Applying that rule here, the court concludes that Mr. Mims has satisfied his burden to demonstrate that the court may have relied on the residual clause. Because it is not disputed by the government that Mr. Mims' burglary conviction no longer qualifies as a violent felony under the ACCA in the absence of the residual clause, Mr. Mims is entitled to relief. As a result, the court will resentence Mr. Mims to the statutory maximum of 120 months and, because he has already served that time, to time served. All other provisions of the judgment dated November 17, 2005 shall remain in effect.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Mims' motion to vacate (doc. 77) is **granted** and his **sentence is reduced** to the statutory maximum of 120 months and, because he has already served that time, **to time served**. All other provisions of the judgment dated November 17, 2005 shall remain in effect. Mr. Mims' motion to stay (doc. 86) is **moot**.

**IT IS SO ORDERED.**

Dated this 6th day of February, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge